et al. 2013-16-15 Mr. Matsui first. Thank you your honor. May it please the court, Brian Matsui on behalf of Otto Bock. In denying the preliminary injunction, the district court made a legal error that infected its entire analysis. The district court ignored this court's clear rule. In a means plus function claim, a patentee is entitled to each and every structure as it is disclosed in the specification. This court has consistently held that a means plus function limitation should not be limited to the most specific structure that is disclosed when there is more than one structure disclosed in the specification. It still has to be a structure though rather than just a repetition of the means plus function statement in the claim. There certainly does have to be a structure and here we have two structures that were disclosed both in the written description and in the claims and the claims as original claims as filed are part of the specification under section 112 paragraph 6. And we have a structure that says an annular seal which is a ring shaped seal between the liner and the socket. That's a structure. This court has been very generous in recognizing what structure satisfies a means plus function limitation in paragraph 6. Do you want to repeat that statement of that structure and point out where it is? With respect to the annular seal, we have starting at column, in the written description, we have at column 13 starting at line 25, we have a discussion of the annular seal. An annular seal is a ring shaped seal and there is a description starting at line 25 in column 13 which describes where the annular seal is. The seal is only a non-foamed, non-coarse polyurethane suspension sleeve. Isn't that right? It starts on line 25. It says the liner is improved by adding an annular seal 140 extending outwardly from the fabric cover. Later at line 35 it says here the annular seal does not make contact with the suspension sleeve. This is a structure. It's a ring shaped seal that goes between the liner and the socket. Suppose the word annular weren't in there and just said seal. Would that be sufficient? I think that would be a closer case. I think that in that situation you still would have a structure that a person of ordinary skill in the art could identify. But I would understand the court's concern that that would seem like less of a structure than an annular seal. It's just like a repetition of what's in between. I don't agree, Your Honor. I think what we have here is a structure. A seal is a structure. It can be used both as a verb and a noun. And here we have it being used as a noun. We have a shape that's being assigned to it. It says annular. It just doesn't say a seal. Any seal here would have to be annular, wouldn't it? No, it wouldn't, Your Honor. I think in the prior art, for example, when someone put a prosthesis to the residual limb, sometimes they just shoved shims around where there were gaps to make a seal. That wouldn't be an annular seal. That's an example of a situation where you wouldn't have a ring-shaped seal. What we have here is a structure. It's an annular seal. This court in the S3 case, which we sent in a reply brief, for example, says that there was a selection means, was the means plus function limitation. And the court said that a selector was a sufficient structure. Where in the record is that discussion of shims forming a seal? I was just answering a hypothetical question there as to a type of seal. A hypothetical answer? Yes, Your Honor. I thought you were just asking what type of… There's nothing in the record showing a seal other than an annular seal. Well, we disclose a number of different seals. A suspension sleeve, for example, is a different type of seal in our patent. Don't they all have to be annular? Aren't they all annular? I think that the annular seal is a ring-shaped seal between the line and the socket. The suspension sleeve goes over, so it's a different position and a different shape. It's still annular, isn't it? I think that everything is sort of circular in this disclosed in our patent, yes, on some level. But that doesn't mean that it's still not a sufficient structure. Mr. Matsui, of course, the background to this case is the denial of a preliminary injunction. So we're not starting from scratch. You've got an uphill road. Yes, Your Honor. I agree. But what we have here is a legal error where the district court construed the structure in this case, the annular seal structure, to be a narrow rectangular-shaped seal with a smooth surface. And those are additional limitations that don't appear anywhere in the specification itself. What we have here at Column 13, we don't have the words narrow at all. We don't have the word smooth at all. And it distinguished a sur-seal based upon the material that it was made of. It said that a sur-seal is made of silicon, and that's a difference. Well, here in the specification, it just says that it may be made of the same material as the liner. So there isn't a requirement that it have that particular size or shape or made of that certain type of material. And we also have the claim language in Claim 6 and in Claim 18, where it discloses an annular seal between the liner and the socket. That indicates the location of the seal and the shape of the seal. That should be sufficient under this court's precedence to satisfy the quid pro quo of Paragraph 6. How about maintaining a vacuum? With respect to the maintaining of a vacuum, the district court didn't even look at the structure that was disclosed in the 726 patent. Instead, it looked just entirely to the 274 application. It imported figures and descriptions from something that was outside the four corners of the specification. We would say that that is not permissible under this court's precedent. In Atmel, for example, this court said that you look only to what's disclosed in the specification itself. Dr. Garg, who was OSIR's expert, at no point did he actually look at the language in the specification and say, that quarter could not be a structure, that order would not be a structure. Instead, he just went directly to the 274 application and said that that was a structure. And then compared that 274 application to the actual... Suppose we reject your incorporation argument. I mean, your client's the one who incorporated this. Suppose we read this as referring properly to what's disclosed in the 274 application. I think, though, that wouldn't make sense under this court's decision in Atmel because... Forget about it. I'm asking you to forget about that argument. Certainly, Your Honor. So, it does refer to the 274 application and to the pump disclosed there. So, if we reject that argument, what's left? I think we have two points, Your Honor. The first is that there are the original claims as filed that just disclosed a weight-actuated vacuum pump. They say a weight-actuated vacuum pump, which is a separate structure that corresponds to the means to maintain a vacuum. And there is testimony from Mr. Martin that indicates that that would be something sufficient for a person of ordinary skill of the art. In addition... In addition? In addition, with respect to the language and the written description, the weight-actuated vacuum pump and shock absorber, the shock absorber portion of that isn't necessary as you look at the four corners of the patent to perform the means to maintain a vacuum function. This court's cases in the means plus function context are very clear that you only import the structures that are necessary to perform the function that corresponds to the means plus function limitation. Here, that function is just the maintaining a vacuum in the socket cavity. So, we don't have a situation where you need the shock absorber based upon what's disclosed in the specification itself. But if I could just return briefly to the Atmel case, it seems that since Atmel basically precludes a patentee from getting a structure from something that would be incorporated by references outside the four corners of the specification... Didn't we say in Atmel that the title of a paper in the incorporated by reference document could be used? Yes, Your Honor. You certainly did say the title. And here, the title of a... Doesn't the NCEP permit incorporation by reference? It does, but this court's decision in Atmel would say that you still then couldn't actually go back and look to what's actually disclosed in the 274 application. What we have here is the district court actually looked at figures that aren't anywhere in the four corners of this patent to say that that was the basis for there being no likely infringement. What was in the chain? What is the 274 application? Is that the parent application? Ours is a continuation in progress from that. Atmel didn't involve that situation. Is it different incorporating something that's a related patent, a parent patent, for example? I don't think so because Congress prescribed that it has to be in the specification in paragraph 6 of section 112. That was what I understood this court in Atmel to rely upon was that Congress said that you need to actually have the disclosure in the specification itself. And so it wouldn't make sense in that situation to then say that you could look back to anything in the priority chain and incorporate that by reference and have that be part of the specification. But under Atmel it seems that if the patentee is limited, can't incorporate the structure by reference, it shouldn't then have its structure that it disclosed be limited also by what is purportedly incorporated by reference. So that would be the situation with respect to the weight actuated vacuum pump. So what you're arguing is that the specific disclosure that we made that would otherwise be binding should be ignored because we couldn't properly include a cross-reference to provide the specific disclosure. With respect to paragraph 6, that's the case. With respect to a structure that would be disclosed under paragraph 6 of section 112, yes, the incorporation by reference, things that are outside the scope of the specification can't then be used. You should get the benefit of the fact that you made an improper cross-reference. No, Your Honor. You get the burden and the benefit in that situation. It just basically says that you have a title here, and the title here would be a weight actuated vacuum pump and shock absorber as disclosed in this application. And the question then is whether or not a person of ordinary skill in the art could look at a weight actuated pump and shock absorber and discern a structure. That's what happened, is my understanding, in this case the court's decision in Atmel is they looked at the statement and then they looked at the article that was cited and said, well, a person of ordinary skill in the art could identify a structure from that statement. That's precisely the same situation that we have here. I could reserve my remaining time. We will do so, Mr. Matsuura. Mr. Babcock. May it please the court and good morning, happy new year. I'm Brent Babcock with Kenobi Martins. I represent OSER in both the underlying district court action as well as the appeal here. I think our OSER's appellate brief addresses the legal issues pretty well. There are three related issues that I think touch upon the court's question this morning that are helpful here that might add a little bit of color and a little bit of information that might help the court in reaching its decision. Arguments always benefit from color. Pardon me? We appreciate your color. Okay. As the litigator below, I want to discuss first a little bit about what happened with the district court. As Judge Lori mentioned, this is not summary judgment or trial. This is a denial of a plenary injunction. What happened below? Well, the key argument here on appeal is focused on saying the district court judge abused his discretion by not looking at the claims, the originally filed claims. That's Autobach's argument. Now, where was that argument made? If you go back and you look at the original record, the motion that was presented, the preliminary injunction motion presented by Autobach, no mention at all of the original claims. In fact, if you look at the disclosure from their expert, you'll see the very drawings we've been talking about, the drawings from the two-subject application. You see the drawings of the annular ring, exactly like you would expect in a 112-6 type of case. And I can cite the record here, Your Honors. Mr. Martin's declaration is at A608 through A676. And these pages I'm showing you are from A620 and A621. These are solutions to the problem presented in the prior art. And if you look at their brief, their moving papers, no mention of the original claims. Can we look to the original claims under 112-6? No. Well, that's a good question, Judge Wallach. Judge Dyke, I'm sorry. First of all, Judge Dyke, second of all, all questions from the bench are presumed to be good questions. Okay. You know, we did not find a case that actually ever looks at the issue that's being raised here, which is can you look at an original claim to construe the claim. But that's exactly what they're trying to do here, Your Honor. Well, not to construe the claim. It's the structure that corresponds to means plus function, right? The policy under 112-6 is always— You can certainly look at other claims to construe the claim. I mean, claim differentiation. That's true, Your Honor. But when you're looking at 112-6, you're always looking at something other than the claims themselves, and that's the quid pro quo. The policy here is you claim under 112-6, you claim functionally. The statute says the claim should be construed to cover the corresponding structure, material, acts in the specification and equivalents thereof. Well, the specification includes the claims, but what additional structure is in the claims that isn't in the rest of the spec? There is no additional structure here, Your Honor. It's repetition of what's already in the means plus function claim. There's no additional structure. There's no question here that these dependent claims are also 112-6 claims that recite nothing in addition to what's already in the specification. Well, what about Mr. Matsui's reference to column 13? I think he was talking about line 25 and 35. Well, Your Honor, that's exactly the section that we pointed to, which discusses element 140 in figures 17, 18, and 20. The discussion here that Dr. Gard, our expert, looked at, looks exactly at this disclosure of the specification. It talks about annular seal 140. Everywhere you mention annular seal, it says annular seal 140. It's referring to specific figures, figure 17, figure 18, and figure 20. And you go and you look at those figures, and here's annular seal 140. That's exactly what Mr. Martin, auto box expert, did when he initially identified structure. You look at his declaration that he presented to district court. He pointed exactly to those same figures. Of course, in our opposition, we did the same thing. We said, let's look at the structure that's disclosed. Is the seal limited to a non-formed, foamed, non-porous polymer? No, because it says it may be. It says it may be made of that material. It's a preferably? It's a preferably. But certainly when Dr. Gard looked at the structure, he said that certainly is one possible material. So if you go through and you look not only at the moving papers, you look at the opposition, again, the issue was, okay, what is the structure disclosed? The reason Judge Carney denied the motion wasn't because of original claims versus the written description and the drawings. Mr. Martin failed to do any equivalence analysis. After you identify the structure in the patent, you have to then compare that structure with the structure of the accused device, determine if the structure is equivalent or identical. That component was completely missing from Mr. Martin's declaration. Review his declaration, he has claim charts. As soon as he identified the function, it said the accused product performs the function, he was done. One more second. My understanding of their argument with respect to the seal is that an annular seal of any kind is disclosed as structure in the specification and that that's accurate and that the accused device here has an annular seal. Their argument is they look at the original claim and they say, oh, it says annular seal, that's specification, therefore we get any annular seal. Regardless of what we specifically disclose, we disclose the generic functional term seal. A seal could be caulk, it could be a gasket, it could be a rubber ring, it could be anything. But they said we disclose an annular seal, so anything that's ring-shaped we get. So as long as you have something ring-shaped that performs the function of sealing, there's no question your sealing is the function of the claim. So as long as you have something that's ring-shaped that performs the function, you're done. That's what their expert did. He said you have something that performs the function. I don't have to look at the structures, compare any of the structures at all. It's ring-shaped, we're done. And the same thing with the weight-actuated pump. Did no analysis, no comparison of structures. They said you have something that is weight-actuated that maintains a vacuum, I'm done. But we have to look to the spec to see if there are other structures. That's correct. That's correct. And that gets us briefly to the Atmel issue, which Judge Dyke raised during the questioning of Mr. Matsui. And I want to reemphasize that the issue here is did Judge Carney abuse his discretion? When the motion was presented, the incorporation by reference was assumed to be, of course, that's what the structure is. You look at out-of-box moving papers, the declaration from Mr. Martins, pages 8, 6, 19, 620, 621. They incorporated by reference, they looked at the exact figures that are in the 2-7-4 application. We looked at it and did the same analysis. And you look at the reply brief, it doesn't even show up in out-of-box reply brief. Nowhere do they say, oh, let's throw those pictures out. They, again, rely upon that same disclosure. And now on appeal they come to this court and they say, Judge Carney really blew it. He abused his discretion. They didn't even make that argument to him below. Now, yes, they're going to say, well, it's a legal question, and this court didn't. Is the argument right? What's that? Is the argument right? No, it's not. Why not? It's not right for the reason, Judge Dyke, that you pointed out, which is Atmel is a very limited holding. It was a third-party reference. It was something that was not part of the intrinsic file, intrinsic record here. A third-party reference is different than the prosecution history of the patent itself. And the particular reference that was made here, the incorporated by reference that was made here, was part of the family. And it was in the chain and it's on the face of the patent. So the public has access to that. The public knows exactly what the document is. It's in the family. And so it's like incorporated by reference, a parent application. There's no problem at all with doing exactly what Ottobock suggested, which is what Oster agreed to do, exactly what the district court judge did, and to reverse the judge and say, oh, you should have known about Atmel and you should have figured this out when the parties didn't even argue it. And it's a stretch. It takes Atmel and it blows it up to where it doesn't make any sense at all. When parties normally incorporate by reference, they normally do look at parent applications to incorporate structure, to incorporate text. The last point I'd like to make, Your Honors, is looking at the policy of 112.6. And I think here, when you look at the language of the statute, it makes it very clear you distinguish the claims from the specification. You want to construe the claims in light of something other than the claims. You take the argument Ottobock is making, and they're basically saying if you file a claim, an original claim, and you construe that claim as filed, well, of course, at that point in time, you've got to apply 112.6. You've got to look at the specification to see how to construe that claim. But once that claim issues, then suddenly its scope becomes almost unbounded because now it construes itself. You look to itself, and what they're doing here is they're looking at the very claim that's asserted, which is the 112.6 claim, looking to itself to say that claim now provides virtually unlimited structure. What if the claim had said a seal? Well, I think if the claim said a seal, and it wasn't governed by 112.6, maybe we'd have a different case. But there's no question here that these claims, both the limitations say means, so the presumption is that they're 112.6. There is no structure in the claims. I think seal is not a structure. A seal means for sealing. Sealing is a function. A seal is a cellophane, gasket, caulk. A seal isn't specifically structural in order to convey the person's feeling. What do you mean when you say a seal? A seal to an engineer can mean lots and lots of things. So there, it is a 112.6 claim, and the issue on appeal isn't whether it's a 112.6 claim. The parties have agreed. It's stipulated. To now say to Judge Carney, you blew it because the parties told you it was 112.6. They stipulated to it, and now we in the Federal Circuit think you got it wrong. That doesn't seem to make a lot of sense, particularly when it's an abuse of discretion standard here. But I think even larger, if you just apply the law de novo like you're entitled to do, say is it a 112.6 claim, the answer is yes. It's a function. It's means for. It's presumptively 112.6. There's no sufficient structure identified in the claim to take it out of 112.6. Therefore, it's a 112.6 claim. So there's no structure identified. And means for maintaining is even easier because there's not even a word there arguably that could be a noun. Means for maintaining a vacuum. So clearly that's a 112.6 claim. So here, under the policy of 112.6, certainly for the last 50 plus years, the precedent of this court, the practice of all practitioners is to say when you look at a claim that's 112.6, how do you construe it? You look somewhere else. You don't look to the claim itself. That's the whole point of 112.6. You don't look to the claim itself to construe it. You look outside the claim.  What's that? Correct. To determine the structure, to evaluate the structure, what structure is disclosed? You look to the specification to determine what structure is disclosed and evaluate that in doing your analysis. And here, what Ottobock is suggesting is they're saying, well, the district court erred, abuses discretion by looking to the written description, which is what everybody always does. And instead, the judge looks at the claim itself and taking these generic, functional words and somehow made those into structures and given essentially unbounded scope to those claims. That was not what was invented. You look at what was invented. It was a very specific seal. Even Mr. Martin acknowledges these are the solutions to the problem. So he points to the specific seals that were the solution to the problem. And you look at what was the solution to the problem for the pump. This was the solution to the problem. That's what he invented. That's what they're entitled to cover. They're not entitled to cover anything that performs the function. And if you look at even the reply briefs here from Ottobock, essentially their argument is as long as you have something that performs the function, you infringe. As long as you have something that's annular that performs the sealing function, you infringe. As long as you have something that's weight-actuated that maintains a vacuum, you infringe. You're covered by performing the function. And that is exactly what one's supposed to say, no. That was under the statute, that was the reason the statute wasn't active. They say, no, you can functionally claim, but there's a price to pay. There's a quid pro quo. You go back, you look at the spec. What was disclosed, you get that, and you get equivalent. That's it. You can't just say, look at my claim. On its face it looks broad and it looks unbounded. Therefore, I give everything that covers within that scope of that claim. Thank you. Thank you, Your Honor. Mr. Matsui has about three minutes for rebuttal. Thank you, Your Honor. First, with respect to the Atmel point where they argued that we didn't raise that. With respect to the initial Martin Declaration, the 274 application was referred to as prior art references. It was put in the Declaration. It wasn't relied upon in the Declaration as structures that were going to meet the structure for the weight-actuated vacuum pump. And when OSUR then went on its opposition brief below to argue that that was the structure and compared the 274 application only to its own device, we argued at A2873 that that was incorrect, that that was a depiction not from the 726 patent but from the 274 application. With respect to the fact that the structure can be disclosed in the claims, this Court's decision in Dossal really did precisely that. In Dossal, this Court went through section 112, paragraph 1 through 6 and said the specification both includes a written description and it includes claims. And then in that case, when the Court went to look to see whether or not there was a sufficient structure, the Court explicitly said that it was going to go look both to the written description and to the claims themselves. So that's a case where this Court has actually looked to the claims to try to find a structure. Here we have disclosures. Where did you say they're in Dossal? I'm sorry, Your Honor. I don't have the precise site. We cite it on pages 9 and 10 of our reply brief. At that point, Your Honor, I apologize for not having the exact insight for that. With respect to the disclosures in the claims themselves, these are not mere repetitions of the same structure. The claims say it's not the annular seal, referring back to the specification, written description on column 13, but it says an annular seal. It says a weight-actuated vacuum pump. So in that situation, it's an independent structure. This Court in the Intel case and the S3 case has looked at generic-type structures and says that those are sufficient to satisfy paragraph 6, a selector in the S3 case. In Intel, this Court noted that you could have a disclosure of a chair and that could cover a number of different types of implementations. An annular seal and a weight-actuated vacuum pump here could cover a number of different implementations. I know that Osura says that this is a high burden since it's a preliminary injunction appeal, but this is a claim construction issue. It's a question of law that should be decided. The District Court just misread this specification when it looked at what an annular seal is. It said that it was a narrow band. It said that it was a rectangular cross-section. It said it was a smooth-surface annular seal. All of those things aren't found anywhere in the written description itself. Thank you, Your Honor. Thank you, Mr. Matsui.  Thank you, Your Honor.